SOUTHERN PINE AND CYPRESS COMPANY v. BRUCE LUMBER COMPANY.

Decided May 9, 1906.

**Contract by one Person for Another—Statute of Frauds.**

Where the petition alleged that the contract sued on was executed in the name of W., but that the same was in fact the contract of the defendant, and was executed by W. as defendant's agent, and for defendant's benefit, and that the lumber sold under said contract and delivered to W. was in fact sold and delivered to defendant under its express agreement and promise to pay for the

same, that provision of the statute of frauds which requires an agreement to answer for the debt, default or miscarriage of another to be in writing and signed by the party sought to be charged therewith, has no application.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Barbee & Niday* and *A. H. Jayne,* for appellant.—The promise to pay the debt, default or miscarriage of another must be in writing, or it must be made upon some consideration of direct advantage moving from the promisee to the promisor (as for example, paying his own debt to his creditor), which consideration must be pleaded clearly. Art. 2543, subd. 2, Rev. Stats. of Texas; Hill v. Frost, 59 Texas, 25, 26; Brown v. Farmers' National Bank, 88 Texas, 265, at 272-274; Sandford v. Wilson, 2 Texas App. Civ. Cas. (W. & W.), sec. 247, p. 188; Clendening v. Matthews, 1 Texas App. Civ. Cas. (W. & W.), sec. 908, pp. 513-514; Lemmon v. Box, 20 Texas, 329; McCreary v. Van Hook, 35 Texas, 631; Warren v. Smith, 24 Texas, 484, 486; Ridgell v. Reeves, 2 Texas App. Civ. Cas. (W. & W.), sec. 436, p. 384; Galveston, H. & S. A. Ry. Co. v. Ehrenwerth, 1 Texas App. Civ. Cas. (W. & W.), sec. 786, p. 432.

Where the pleading and the exhibit are contradictory or inconsistent, the exhibit, as being the more specific, and not the pleading, will control. District and County Court Rule, No. 19; Freiberg v. Magale, 70 Texas, 116, 118; Lester v. New York Life Ins. Co., 84 Texas, 87, 90, 91; Williamson v. White, 101 Ga., 279, 65 Am. St. Rep., 305.

*A. R. & W. P. Hamblen,* for appellee.—This action was maintainable under appellee's pleadings, and it was not alleged that it was a contract with W. for the sale of goods to W., and said goods were delivered to W., but it was distinctly alleged that while the contract was signed by W., that same was, in truth and fact, the act and contract of appellant; that same was the contract of appellant; that appellant had informed appellee that it was its (appellant's) contract; that it was one and the same thing, and that it (appellant) would pay all sums becoming due under said contract. Hamilton v. Cushman Mfg. Co., 15 Texas Civ. App., 341; Lyons v. Daugherty, 26 S. W. Rep., 146, et seq.

Whenever main purpose of promisor is, not to answer for another, but to subserve his own purpose, the promise is not within the statutes of frauds. Lemmon v. Box, 20 Texas, 332, 333; McCreary v. Van Hook, 35 Texas, 639, et seq.; First Nat. Bank v. Greenville Oil Co., 24 Texas Civ. App., 646.

PLEASANTS, Associate Justice.—This suit was brought by appellee to recover the sum of $380 alleged to be the balance due by appellant for lumber sold and delivered to it by appellee.

The petition alleges that the contract under which the lumber was sold to appellant was executed in the name of the E. M. Ward Lumber Company, but that the same was in fact the contract of appellant, and was executed by the Ward Company as appellant's agent and for its benefit, and the lumber sold under said contract and delivered to the Ward Company was in fact sold and delivered to appellant and was so sold and

delivered under the express agreement and promise of appellant to pay appellee therefor the prices stipulated in the contract.

The contract is attached to the petition as an exhibit, and is in the form of a proposal made by the E. M. Ward Company to appellee to purchase at named prices the entire output of appellee's mill at Pauli, Texas, for six months, said lumber to be shipped to the Ward Company's planing mill at Baldwin, Texas, or to such other point on the Houston, East and West Texas Railway as the Ward Company might direct. This proposal is signed by the Ward Company and attached thereto is an acceptance signed by appellee. There is also attached to the petition as an exhibit a statement giving the dates and items of each shipment of lumber made under the contract and the price of each item, and also the amounts and dates of each payment made on the account.

The appellant answered by general and special exceptions to the petition, and general denial, and by special plea under oath denying that the contract sued on was executed by it or by its authority.

The trial in the court below without a jury resulted in a judgment in favor of the plaintiff for the amount claimed.

There is a conflict in the testimony, but there is ample evidence to support the finding that the contract sued on was the contract of appellant and was executed by the Ward Company as appellant's agent and for its benefit, and the lumber sold and delivered thereunder was in fact sold to appellant and was delivered to the Ward Company for appellant and under its express agreement and promise, made before and at the time the contract was executed, to pay appellee the prices stipulated in the contract. The uncontradicted evidence shows that the amount claimed by appellee was due it for lumber sold and delivered under said contract.

Appellant under various assignments assails the rulings of the trial court in not sustaining exceptions to the petition, and objections to the evidence introduced by appellee, on the ground that the allegations of the petition and the evidence offered by appellee to the effect that the contract executed by the Ward Company was the contract of appellant were obnoxious to the provision of the statute of frauds which requires an agreement to answer for the debt, default or miscarriage of another to be in writing and signed by the party sought to be charged therewith.

None of these assignments can be sustained. The petition does not seek recovery against appellant on the ground that it had promised to pay the debt of the Ward Company, and appellee introduced no evidence tending to show such promise. On the contrary, the allegations of the petition are that the lumber was in fact sold to appellant, and it, and not the Ward Company, was originally bound for the payment of the purchase price therefor. There is no allegation that the Ward Company was ever in any way liable to appellee for the lumber shipped it, or that it ever received any of the lumber except as the agent of appellant. As we have before stated, the evidence introduced by appellee sustains the allegations of the petition. Under this state of the pleadings and evidence the provision of the statute of frauds invoked by appellant has no application, and the several assignments presenting that question are without merit.

The assignment attacking the judgment on the ground that it is un-

supported by the evidence has been disposed of by our conclusions of fact before stated.

None of the assignments presented in the brief can be sustained, and the judgment of the court below is affirmed.

*Affirmed.*